IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

15-CR-6136W

MICHAEL SMITH,

Defendant.

**PLEA AGREEMENT**

The defendant, MICHAEL SMITH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 371 (Conspiracy to Pass Counterfeit Obligations or Securities), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the Forfeiture Allegation of the Information which alleges that the $2,358.00 United States Currency is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982 (a)(2)(B).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. First, that two or more persons entered into the unlawful agreement charged in the Information, that is, to pass counterfeit United States currency in violation of Title 18, United States Code, Section 472;

   b. Second, that defendant knowingly and willfully became a member of the conspiracy; and

   c. Third, that one of the members of the conspiracy committed at least one overt act in furtherance of the conspiracy.

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about May 20, 2015, in the Western District of New York, the defendant, MICHAEL SMITH, knowingly conspired with Virgilio Diaz and Eladio Deleon to pass counterfeit U.S. Federal Reserve Notes with the intent to defraud. On that date, SMITH was driving a vehicle that was pulled over by the New York State Police. The passengers of the vehicle included Diaz and Deleon. The vehicle was pulled over after the NYSP was contacted by Lowes loss prevention who advised an individual, later identified as Diaz just passed a $100 counterfeit bill in their store. Passenger Deleon was questioned by law enforcement and he admitted that he had made purchases earlier that day at Aldi's, Rite Aid and Jubilee using counterfeit $100 bills, all stores located in Horseheads, New York. Deleon stated the counterfeit bills cost $40 in United States currency to purchase. Surveillance footage also captured SMITH, Deleon and Diaz in a Wal-Mart store on May 20, 2015. The footage depicts Deleon and Diaz make purchases using $100 counterfeit bills while SMITH accompanied them in the store. All three individuals then drove away in SMITH's vehicle. NYSP subsequently obtained one counterfeit $100 bill from the stores Deleon made fraudulent purchases from earlier that day.

   b. U.S. Secret Service Agents then examined the money and confirmed it was counterfeit. The defendant admits on May 20, 2015, that he, along with Deleon and Diaz knowingly conspired to pass counterfeit U.S. Federal Reserve Notes with the intent to defraud.

## III. SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.     The government and the defendant agree that Guidelines § 2B1.1(a)(1) applies to the offense of conviction and provides for a base offense level of 7.

## ACCEPTANCE OF RESPONSIBILITY

8.     At sentencing the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 5.

## CRIMINAL HISTORY CATEGORY

9.     It is the understanding of the government and the defendant that the defendant's criminal history category is III.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that, with a total offense level of 5 and criminal history category of III **the defendant's sentencing range**

**would be a term of imprisonment of 1 to 7 months, a fine of $250 to $5,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

11. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense

involving or related to the conspiracy to pass, utter, publish, sell or possess counterfeit currency which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

14. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

15. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

16. At sentencing, the government will move to dismiss criminal complaint 15-MJ-4115.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.     FORFEITURE PROVISIONS

21.     As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18 U.S.C. § 982 (a)(2)(B) which is in the possession and control of the defendant or the defendant's nominees. That property includes:

i.     The sum of $2,358.00 United States currency seized on or about May 20, 2015 during a New York State Police traffic stop on I-86 in Horseheads, New York. The defendant further agrees that this amount is properly forfeitable pursuant to Title 18 U.S.C. § 982 (a)(2)(B) as the $2,358.00 was proceeds of the defendant's illegal activities and waives any other rights the defendant may possess to contest that forfeiture.

22.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and

voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution including any claim of excessive fine regarding the forfeiture of assets by the United States.

23.  The defendant agrees that forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

24.  After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a <u>Preliminary Order of Forfeiture</u> for the item listed above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Preliminary Order of Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any

notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

25.  This plea agreement represents the total agreement between the defendant, MICHAEL SMITH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

Dated: October 14, 2015

WILLIAM J. HOCHUL, JR.<br>
United States Attorney<br>
Western District of New York

BY: MELISSA M. MARANGOLA
Assistant U.S. Attorney
United States Attorney's Office
100 State Street, Suite 500
Rochester, New York 14614
585/263-6760
Melissa.Marangola@usdoj.gov

## ACKNOWLEDGMENT

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Ciccone, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_Michael Smith_
MICHAEL SMITH
Defendant
Dated: October 14, 2015

_Jeffrey Ciccone_
JEFFREY CICCONE, ESQ.
Attorney for Defendant
Dated: October 14, 2015